IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| D'Nanakai Carrigan-Terrell, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0215 |
| v. | : | Judge Frost |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff D'Nanakai Carrigan-Terrell, an inmate at the Ohio Reformatory for Women at the time of the events alleged in the complaint, brings this prisoner civil rights action under 42 U.S.C. §1983.  This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a

the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants Gary Mohr, Dr. Welch, Elizabeth Wright, and Capt. Putt and therefore **RECOMMENDS** that they be **DISMISSED** from this lawsuit. The lawsuit will continue against defendants Warden Jennie Trim, Dr. Nalluri, Dr. Tench, Dr. Tano, Mr. Nicastro, Nurse Maldinado, and Nurse Riter as to plaintiff's claim that they denied her due process of law by forcing her to take psychotropic medication.

    The complaint alleges that three or four times plaintiff has been falsely charged and convicted of assault. Further, in April 2011 she was placed in segregation on the erroneous charge of attempting to establish a relationship with an officer. She was found guilty and sentenced to 15 days in disciplinary control, followed by a placement in local control.

---

claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

    (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

The complaint alleges that on November 20, 2010 Officer Bonjo was escorting plaintiff when he maced her and punched her in the face. Lt. Booth lied, saying plaintiff assaulted him. Plaintiff was placed in segregation for 15 days and required to take bipolar medicine. Plaintiff was handcuffed for 2-3 hours and given no medical attention for a burning sensation in her eyes. Neither Officer Bonjo nor Lt. Booth are named as defendants. Doc. 1-2, PAGEID ## 16 and 19. Nor does the complaint identify the person(s) who denied plaintiff treatment for the tear gas in her eyes.

The complaint further alleges that around June 2010 plaintiff was told to go to the Residential Treatment Unit to see Dr. Welch. But when she got to the Unit, she was forcibly placed in a cell and made to undergo a psychological evaluation. She was forced to remain in the cell 24 hours a day for about 4 days. Then she was required to live in the Residential Treatment Unit. The complaint also alleges that after plaintiff had been off psychotropic medicine for five months, Dr. Nalluri requested a mandatory medication hearing for her. Defendants Dr. Nalluri, Dr. Tano, Dr. Tench, and Nurse Riter did not let plaintiff attend the first hearing, even though she was competent to do so. Nurse Riter was supposed to be plaintiff's liaison, but she favored defendants. On appeal, defendants Dr. Burke and Mr. Nicastro denied plaintiff the right to call witnesses and upheld the initial hearing decision to require plaintiff to take medication. The medication, which has unpleasant side effects, was administered to punish plaintiff. Dr. Burke denied plaintiff's appeal; and Warden Jennie Trim never responded to her appeal. Plaintiff seeks to be removed from mandatory medications.

Again on September 7[2], plaintiff was given another mandatory medication hearing at the request of defendants Dr. Nalluri, Dr. Tano, Dr. Tench, and Nurse Maldinado. Nurse Crum was plaintiff's liaison. Dr. Nalluri lied, stating that plaintiff was assaultive, suicidal, and neglectful of her personal hygiene.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

**Initial Screening.** The complaint contains allegations about disciplinary convictions and incarceration in disciplinary control and segregation, denial of medical treatment, and forced medication. Each will be considered separately.

Discipline. An inmate is not entitled to due process of law at a disciplinary hearing unless placement in disciplinary confinement is accompanied by a withdrawal of good-time credits or is for a significant period of time that presents an unusual hardship on the inmate. *See*, *e.g.*, *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995) (30-day

---

[2]The complaint does not plead the year. Since plaintiff asks that she be taken off mandatory medication, I assume that the year is 2011.

4

confinement, without more, did not present "dramatic departure from basic conditions" of inmate's indeterminate sentence); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (six month confinement in disciplinary confinement was not an atypical and significant hardship, and return of good time credits mooted claim that restraint affected duration of confinement). Here the complaint does not allege that plaintiff lost good time credits and the RIB sentences were just 15 days in disciplinary control.

The United States Supreme Court, in *Sandin v. Conner*, 515 U.S. 472 (1995), concluded that, absent "atypical and significant hardship", a change in the conditions of confinement does not inflict a cognizable injury that merits constitutional protection. *Id.* at 484. Placement in disciplinary segregation is not itself an atypical and significant hardship. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995).

Consequently, the allegations in the complaint regarding plaintiff's disciplinary convictions fail to state a claim.

<u>Assault</u>. Although the complaint alleges that correction officers assaulted plaintiff on several occasions, it does not name as defendants any of the officers involved.

<u>Denial medical care</u>. The complaint does not identify any defendant as the person(s) who allegedly denied plaintiff treatment for tear gas in her eyes.

<u>Involuntary medication</u>. In *Washington v. Harper,* 494 U.S. 210, 227 (1990), the United States Supreme Court held that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has

a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Before an inmate is involuntarily medicated, due process requires notice of a hearing and a meaningful opportunity to be heard. *Id*. at 228-29. Due process does not require a judicial decisionmaker. Rather, the decision to involuntarily medicate a prisoner may be made by medical professionals and corrections officials. *Id*.

Ohio Department of Rehabilitation and Correction Policy 67-MNH-07 provides that an inmate with a documented serious illness who refuses voluntary treatment may be involuntarily medicated after a hearing by a panel of three mental health professionals consisting of at least one psychiatrist and one psychologist or licensed independent social worker. The inmate has a right to be present and to offer relevant evidence, including a right to present testimony and call witnesses, concerning the necessity of treatment. Involuntary medication may be approved only if it is demonstrated by clear and convincing evidence that the inmate suffers from a serious mental illness and as a result of the illness there is a substantial likelihood of serious harm to himself or others, significant property damage, or that the inmate is gravely disabled if he is not medicated.

On initial screening, the Magistrate Judge concludes that the complaint sufficiently alleges claims against defendants Warden Jennie Trim, Dr. Nalluri, Dr. Tench, Dr. Tana, Mr. Nicastro, Nurse Maldinado, and Nurse Riter for denying plaintiff due process of law in connection with forcing her to take psychotropic mediation.

Accordingly, it is hereby **RECOMMENDED** that defendants Gary Mohr, Dr. Welch, Elizabeth Wright, and Capt. Putt and be **DISMISSED** from this lawsuit. The lawsuit will continue against defendants Warden Jennie Trim, Dr. Nalluri, Dr. Tench, Dr. Tana, Mr. Nicastro, Nurse Maldinado, and Nurse Riter as to plaintiff's claim that they denied her due process of law by forcing her to take psychotropic medication.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants Dr. Welch, Elizabeth Wright, and Capt. Putt are not required to answer the complaint unless later ordered to do so by the Court. Defendants Warden Jennie Trim, Dr. Nalluri, Dr. Tench, Dr. Tana, Mr. Nicastro, Nurse Maldinado, and Nurse Riter are ORDERED to answer or otherwise respond to the complaint within forty-five (45) days of the date of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                        s/Mark R. Abel
                                                        United States Magistrate Judge