IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| D'Nanakai Carrigan-Terrell, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00215 |
| v. | : | Judge Frost |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Plaintiff D'Nanakai Carrigan-Terrell, a State prisoner at the Ohio Reformatory for Women ("ORW"), brings this action under 42 U.S.C. § 1983. This matter is before the Magistrate Judge on the State of Ohio and defendants Genine Trim, Dr. Suseela Nalluri, Dr. Christy Tinch, Dr. Edmund Burke, Erin Maldonado, Bethany Ritter, and Dr. Sheila Tano's April 19, 2013 motion for summary judgment (doc. 34).

**I.  Allegations in the Complaint**

The complaint alleges that around June 2010 plaintiff was told to go to the Residential Treatment Unit to see Dr. Welch. But when she got to the Unit, she was forcibly placed in a cell and made to undergo a psychological evaluation. She was forced to remain in the cell 24 hours a day for about 4 days. Then she was required to live in the Residential Treatment Unit. The complaint also alleges that after plaintiff had

1

been off psychotropic medicine for five months, Dr. Nalluri requested a mandatory medication hearing for her.

On September 7, plaintiff was given another mandatory medication hearing at the request of defendants Dr. Nalluri, Dr. Tano, Dr. Tench, and Nurse Maldonado. Dr. Nalluri lied, stating that plaintiff was assaultive, suicidal, and neglectful of her personal hygiene. Defendants Dr. Nalluri, Dr. Tano, Dr. Tench, and Nurse Riter did not let plaintiff attend the first hearing, even though she was competent to do so. Nurse Riter was supposed to be plaintiff's liaison, but she favored defendants.

On appeal, defendants Dr. Burke and Mr. Nicastro denied plaintiff the right to call witnesses and upheld the initial hearing decision to require plaintiff to take medication. The medication, which has unpleasant side effects, was administered to punish plaintiff. Dr. Burke denied plaintiff's appeal; and Warden Jennie Trim never responded to her appeal. Plaintiff seeks to be removed from mandatory medications.

## II. Arguments of the Parties

### A. The State of Ohio and Defendants

Defendants argue that the record demonstrates that plaintiff suffers from a serious mental illness and that defendants provided her with all the due process to which she was entitled in making the decision to administer involuntary psychotropic medication. Defendants maintain that plaintiff posed a serious threat of harm to herself, others and property and refused to take psychotropic medication to treat her illness. As

a result, Dr. Nalluri, plaintiff's treating psychiatrist since 1998, made three involuntary medication requests to treat plaintiff with psychotropic medication.

Pursuant to ODRC Policy 67-MNH-07, ORW formed a committee known as an Involuntary Medication Committee ("IMC") to determine whether it was appropriate to administer plaintiff medication. The IMC consisted of a psychiatrist, psychologist, and a licensed independent social worker, each of whom was not involved with plaintiff's mental health treatment prior to the hearing. Plaintiff was also provided with an inmate advocate to assist her with the process. Prior to each hearing, plaintiff was advised of her rights and given the opportunity to suspend medication on the date of the hearing.

Plaintiff chose not to attend her February 8, 2011 IMC hearing. Bethany Ritter, BSN, plaintiff's inmate advocate, attended the hearing and advocated plaintiff's position. Dr. Nalluri testified concerning plaintiff's mental health and need for medication. The IMC unanimously determined that plaintiff should be administered medication for up to 30 days. On March 9, 2011, the day of plaintiff's 30-day review hearing, plaintiff's anger escalated dramatically, and the IMC determined that plaintiff's attendance at the hearing would jeopardize the safety of the participants. Plaintiff was not permitted to attend the meeting. Nurse Ritter attended the hearing, however, and advocated on behalf of plaintiff. On September 7, 2011, at the 180-day hearing, plaintiff actively participated. The IMC again determined that plaintiff should be administered psychotropic medication for up to 180 days.

Plaintiff alleges that Dr. Burke denied her appeals and Warden Trim did not respond to her appeals. She maintains that she was administered medication based on Dr. Nalluri's lies and as a form of punishment. Defendants contend that the decisions of the IMC and defendants to medicate plaintiff involuntarily were made after careful consideration and review of the medical evidence. Defendants further maintain that plaintiff was afforded all the procedural protections that were due.

### B. Plaintiff

Plaintiff filed a motion requesting that the Court deny defendants' motion for summary judgment, but she failed to submit any evidence on behalf of her response or make any legal arguments as to why summary judgment was not appropriate.

### III. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

**IV.     Discussion**

In *Washington v. Harper*, 494 U.S. 210, 227 (1990), the United States Supreme Court held that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with

5

antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Before an inmate is involuntarily medicated, due process requires notice of a hearing and a meaningful opportunity to be heard. *Id*. at 228-29. Due process does not require a judicial decisionmaker. Rather, the decision to involuntarily medicate a prisoner may be made by medical professionals and corrections officials. *Id*.

Ohio Department of Rehabilitation and Correction Policy 67-MNH-07 provides that an inmate with a documented serious illness who refuses voluntary treatment may be involuntarily medicated after a hearing by a panel of three mental health professionals consisting of at least one psychiatrist and one psychologist or licensed independent social worker. *See* doc. 34-22. The inmate has a right to be present and to offer relevant evidence, including a right to present testimony and call witnesses, concerning the necessity of treatment. *Id*. Involuntary medication may be approved only if it is demonstrated by clear and convincing evidence that the inmate suffers from a serious mental illness and as a result of the illness there is a substantial likelihood of serious harm to himself or others, significant property damage, or that the inmate is gravely disabled if he is not medicated. *Id*.

Under *Turner v. Safley*, U.S. 78, 89 (1987), the standard for determining whether prison regulation infringes an inmate's constitutional rights is whether the regulation is reasonably related to legitimate penological interests. An inmate, such as plaintiff, possesses a significant liberty interest in avoiding the unwanted administration of

6

psychotropic medication. However, the Fourteenth Amendment does allow the State to treat an inmate who has a serious mental illness with medication against her will if the inmate is a danger to herself or others and the treatment is in her medical interest. A prison has a legitimate government interest in the safety of its staff and inmates.

When a liberty interest is at stake–such as the interest in not being subject to involuntary medication–an inmate is entitled to due process protections. Procedural due process requires the State to provide an inmate with notice and opportunity to be heard at a meaningful time and in a meaningful manner.

ODRC Policy 67-MNH-07 provides plaintiff with sufficient procedural safeguards. Dr. Nalluri submitted an Involuntary Medication Request Form prior to convening each IMC. Docs. 34-1, 34-2, 34-3, 34-4. Plaintiff was provided an Involuntary Medication Hearing with a 30-day and a 180-day review. Docs. 34-13, 34-14, 34-15. Plaintiff was advised of all hearings in writing more than 24 hours prior to each hearing. Plaintiff was permitted the right to suspend medication during each hearings. Docs. 34-6, 34-7, 34-9, 34-10, 34-12.

Although plaintiff alleges that she was not permitted to attend the February 8 and March 9, 2011 hearings, plaintiff did not offer any evidence to support this allegation. Defendants, on the other hand, documented plaintiff's decision not to attend the February 8 hearing. Doc. 34-14. Plaintiff was not permitted to attend the March 9 hearing due to her escalating behavior. Docs. 34-1, 34-13, 34-16, 34-19. ODRC Policy 67-MNH-07 authorized defendants to limit plaintiff's right to be present for reasons related

to institutional security and order. *See* doc. 34-22. Plaintiff failed to avail herself of the right to request witnesses to testify.

Defendants did not violate plaintiff's substantive due process right to refuse medical treatment. Dr. Nalluri requested that plaintiff be treated with medication to control her mental illness. Doc. 34-1. Plaintiff is diagnosed with schizoaffective disorder and experiences mood swings and psychosis. *Id.* Plaintiff is also diagnosed with antisocial personality disorder, which causes her to engage in assaultive and aggressive behavior, mood swings, delusions of grandiosity, mania and psychosis. *Id.* When plaintiff is not medicated, she cannot function in the general prison population or perform activities of daily living. *Id.* Defendants maintain that plaintiff poses a danger to herself as evidenced by her deterioration of her self-care and because of her past history of suicide attempts and threats. *Id.* Plaintiff is also a threat to others as evidenced by aggressive and assaultive behavior. *Id.* She is incarcerated for murder, and she has assaulted ORW correction officers. *Id.* Plaintiff has not come forth with any evidence to support her assertion that Dr. Nalluri lied. Therefore, I RECOMMEND that defendants' motion for summary judgment be GRANTED.

Plaintiff has failed to state a claim against defendants Trim and Burke. The complaint fails to contain any factual allegations of unconstitutional conduct on the part of Warden Trim or Dr. Burke. The complaint alleges that Trim failed to respond to plaintiff's appeal and neglected her duty to listen to the tapes and make a decision. Under ODRC Policy 67-MNH-07, the warden does not have an active role in the

involuntary medication proceedings Either the Director of Clinical Services or the physician designee decides appeals under the policy. Dr. Burke, the Director of Clinical Services, affirmed the IMC's September 7, 2011 decision to administer her medication after reviewing the decision and the record. The complaint does not allege any constitutional violations by Dr. Burke, nor does it allege that the appeals policy for IMC decisions is unconstitutional.

The Magistrate Judge RECOMMENDS that defendant Nicastro be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**V.      Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that the State of Ohio and defendants Genine Trim, Dr. Suseela Nalluri, Dr. Christy Tinch, Dr. Edmund Burke, Erin Maldonado, Bethany Ritter, and Dr. Sheila Tano's April 19, 2013 motion for summary judgment (doc. 34) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge