IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

D'NANAKAI CARRIGAN-TERRELL,

    Plaintiff,

v.

GARY MOHR, et al.,

    Defendants.

Case No. 2:12-cv-00215
JUDGE GREGORY L. FROST
Magistrate Judge Abel

## OPINION AND ORDER

In this action, Plaintiff N'Nanakai Carrigan-Terrell, a prisoner at the Ohio Reformatory for Women ("ORW"), alleges claims under 42 U.S.C. § 1983 against Defendants Genine Trim, Dr. Suseela Nalluri, Dr. Christy Tinch, Dr. Edmund Burke, Erin Maldonado, Bethany Ritter, and Dr. Sheila Tano. On July 26, 2013, the Magistrate Judge issued a Report and Recommendation (ECF No. 41), recommending that the Court grant the motion for summary judgment (ECF No. 34) filed by the State of Ohio on behalf of Defendants. The matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) following the Plaintiff's timely filing of objections to the Report and Recommendation. (ECF No. 43.) For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **GRANTS** Defendants' motion for summary judgment.

### I.

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants. When the Court receives objections to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).

1

After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; see also *Ridenour v. Collins*, 692 F. Supp. 2d 827, 829 (S.D. Ohio 2010).

In this case, the Court is reviewing the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.CivP. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. See *Muncie Power Prods., Inc. v. United Techs. Auto., Inc*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265(1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. Id. (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Consequently, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**II.**

Plaintiff is a convicted murderer incarcerated at the Ohio Reformatory for Women ("ORW").  She filed this action against various Defendants, alleging violations of 42 U.S.C. § 1983 arising from the involuntary administration of psychotropic medication to Plaintiff during 2011.

The State of Ohio and Defendants Genine Trim, Dr. Suseela Nalluri, Dr. Christy Tinch, Dr. Edmund Burke, Erin Maldonado, Bethany Ritter (erroneously identified in the Complaint as "Nurse Riker"), and Dr. Sheila Tano moved for summary judgment on Plaintiff's Complaint.[1]  (ECF No. 34.)  Plaintiff raises several objections to the Magistrate Judge's report and recommendation granting summary judgment, all of which are of the same ilk.[2]  She challenges the underlying factual assertions made by Defendants in their motion for summary judgment.  Specifically, Plaintiff contends—

- She does not have a serious mental illness;
- She is not a threat of harm to herself or others;
- She "can provide evidence" that she did not let her hygiene "slip";
- Defendants administered her medication for "punitive" reasons;
- Defendants held hearings at times she was unable to attend, violating her due process rights; and
- Defendants have lied to the Court about Plaintiff refusing to attend the hearing;

---

[1] Also named as Defendants were Gary Mohr, Elizabeth Wright, a "Captain Putt," and a "Dr. Welch."  The Court previously dismissed the claims against these Defendants.  (ECF No. 8.)

[2] In addition to recommending that the Court grant Defendants' motion for summary judgment on the merits, the Magistrate Judge's Report and Recommendation also recommended that (1) claims against Defendants Trim and Burke be dismissed for failure to state a claim for relief against these Defendants and (2) Defendant Nicastro be dismissed pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to obtain service of process upon Nicastro.  (ECF No. 41 at PageID# 339-40.)  Plaintiff does not raise specific objections to these aspects of the Report and Recommendation.  Finding no error in them, the Court adopts the Magistrate Judge's recommendations as to these Defendants as part of the Opinion and Order.

In *Washington v. Harper*, 494 U.S. 210 (1990), the United States Supreme Court held that the "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. Due process does not require a judicial decisionmaker. Rather, medical professionals and corrections officials may decide to involuntarily medicate a prisoner without violating the strictures of due process. *Id*. at 231.

In his Report and Recommendation, the Magistrate Judge relied on *Washington v. Harper* to uphold Ohio Department of Rehabilitation and Correction Policy 67-MNH-07 (the "ODRC Policy") and its application to Plaintiff. Under the ODRC Policy, involuntary psychotropic medication is permitted only if it is "demonstrated by clear and convincing evidence that the inmate suffers from a serious mental illness and as a result of the illness there is a substantial likelihood of serious harm to self or others; significant property damage; or that the inmate is gravely disabled." (ODRC Policy 9-10, ECF No. 34-22 at PageID# 297-98.) An Involuntary Medication Committee consisting of three mental health professionals (including at least one psychiatrist and one psychologist or licensed independent social worker) determines whether an inmate may be involuntarily medicated. (*Id.* at PageID# 290, 298.) The Involuntary Medication Committee must give the inmate at least 24 hours notice prior to the involuntary medication hearing. (*Id.* at PageID# 298.) An inmate has a right to attend the hearing and present witnesses; however, the inmate may be excluded from the hearing if the inmate poses a risk to institutional security and order. (*Id.* at PageID# 299.) Regardless of whether the inmate attends the hearing, the ODRC Policy provides that the inmate has the right to an "Inmate Advisor" to assist the

inmate during the process; if the inmate is not present for the hearing, the ODRC Policy empowers the Inmate Advisor to "exercise the rights of the inmate on the inmate's behalf." (*Id.*)

At the conclusion of the hearing, the Involuntary Medication Committee must decide, based on the evidence presented at the hearing, whether the involuntary administration of psyschotropic medication will be allowed. (*Id.*) Each committee member must document his or her decision. (*Id.*) "If the decision is not unanimous, involuntary medication will not be administered unless the psychiatrist is in the majority, authorizing medication use." (*Id.*) An initial finding to permit involuntary medication shall be in effect for no more than 30 days. (*Id.* at PageID# 300.) If the treating psychiatrist recommends that involuntary medication should continue, there must be a second hearing, after which the Involuntary Medication Committee may approve continued medication for up to 180 days. (*Id.*) The process may then be repeated every 180 days "as long as the medication is clinically indicated and the inmate meets the criteria for administration of involuntary psychotropic medication and refuses voluntary psychotropic medication." (*Id.*)

Defendants presented summary judgment evidence that they followed ODRC Policy 67-MNH-07 in the administration of antipsychotic drugs against Plaintiff's will. Specifically, Defendants presented declarations from Plaintiff's treating psychiatrist (Defendant Dr. Suseela Nalluri), three individuals who served on Plaintiff's Involuntary Medication Committee (Dr. Sheila Tano, Dr. Christy Tinch, Psy.D., and Erin Maldonado, LISW-S), and the psychiatric nurse who served as Plaintiff's "inmate liaison" during two involuntary medication hearings (Defendant Bethany Ritter, BSN). The various declarations and evidence put forth by Defendants indicate that—

- Plaintiff suffers from schizoaffective disorder and anti-social personality disorder, and also displays symptoms of mood swings and psychosis;

- Plaintiff suffers from serious symptoms, including assaultive and aggressive behavior, mood swings, delusions of grandiosity, mania and psychosis, disorientation, and poor insight and judgment;

- Dr. Nalluri made involuntary medication requests for Plaintiff on three occasions in 2011, pursuant to the ODRC Policy;

- Dr. Nalluri requested involuntary medication of Plaintiff based on Plaintiff's serious mental illness and refusal to take psychotropic medication;

- Dr. Nalluri opined that Plaintiff poses a serious threat to others when she is not taking psychotropic medication, as evidenced by several assaults committed by Plaintiff against corrections officers;

- Plaintiff chose not to attend an involuntary medication hearing on February 8, 2011, and Defendant Ritter advocated on Plaintiff's the Plaintiff's position against receiving psychotropic medication;

- The Involuntary Medication Committee unanimously determined after the February hearing that Plaintiff should receive psychotropic medication for 30 days;

- At the next Involuntary Medication Committee hearing, the 30-days review scheduled for March 9, 2011, Plaintiff was not permitted to attend because Plaintiff's escalating anger caused a concern for the safety of Plaintiff and others attending the hearing;

- At the March 9, 2011 hearing, Defendant Ritter once again advocated on Plaintiff's behalf;

6

- The Involuntary Medication Committee unanimously determined after the March 9, 2011 hearing that Defendant should receive psychotropic medication for 180 days;

- Plaintiff attended the 180-day review hearing convened by the Involuntary Medication Committee on September 7, 2011, and was also represented by an inmate liaison;

- Following the September 7, 2011 hearing, the Involuntary Medication Committee unanimously determined that Plaintiff should receive psychotropic medication for 180 days.

- At all times, the decisions to administer psychotropic medication were based on medical necessity and not as a form of punishment.

(ECF Nos. 34-1, 34-6, 34-13, 34-16.)

The common thread running through Plaintiff's objections is that she disputes the evidence that Defendants submitted in support of their summary judgment. But Plaintiff failed to submit any evidence in response to the motion for summary judgment. For example, Plaintiff claims that she was not permitted to attend the February 8, 2011 hearing, but does not offer evidentiary support for this objection to rebut the evidence Defendants put forward to document the fact that Plaintiff chose not to attend. Plaintiff's remaining objections are filled with conclusory assertions unsupported by evidence offered in response to Defendants' motion for summary judgment. Accordingly, Plaintiff failed to meet her burden of creating a genuine issue of material fact on her claim of constitutional due process violations. In lieu of evidence, Plaintiff presented argument and unsupported factual assertions that Defendants lacked the proper factual predicate for administering antipsychotic drugs or for conducting hearings in her absence. But without proper Rule 56 evidence, the Court cannot find that the Magistrate Judge erred in his determination that summary judgment was appropriate in this case.

As to Plaintiff's failure to produce evidence to overcome summary judgment, she argues that she was not given the opportunity to conduct ample discovery. In essence, Plaintiff contends that she should have been given additional time for discovery under Fed. R Civ, P. 56(d) in order to allow her the opportunity to properly respond to Defendants' motion for summary judgment. But the record does not support Plaintiffs' plea for additional discovery. There is no evidence that Defendants failed to respond to properly served discovery requests. Rather, the record indicates that Plaintiff served untimely discovery requests.

### III.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 43) to the Magistrate's Report and Recommendation (ECF No. 41). The Court therefore **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' motion for summary judgment (ECF No. 34). In light of the grant of summary judgment to Defendants, Plaintiff's "motion requesting denial of summary judgment" (ECF No. 36) is **DENIED**.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE